UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME Y. CLAVITO,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF VETERANS' AFFAIRS,<br><br>    Defendant. | No. 2:18-cv-431-KJN PS<br><br>ORDER |

Presently pending before the court is defendant U.S. Department of Veterans Affairs ("VA") motion to dismiss the action for lack of jurisdiction (mootness), or alternatively, for summary judgment. (ECF No. 15.)[1] Plaintiff Jaime Clavito, who proceeds without counsel, opposed the motion, and the VA filed a reply brief. (ECF Nos. 19, 20.)[2] For the reasons discussed below, the court GRANTS the motion and dismisses the action for lack of subject matter jurisdiction based on mootness.

---

[1] All parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and the action was reassigned to the undersigned for all further proceedings, including the entry of final judgment. (ECF Nos. 7, 11, 14.)

[2] The court finds the motion suitable for resolution on the record and written briefing, and without oral argument, pursuant to Local Rule 230(g). The December 13, 2018 hearing is vacated.

1

The background facts are largely undisputed. The VA, through the Veterans Benefits Administration's Muskogee Regional Benefits Office ("VBA"), awarded plaintiff educational benefits under the Post-9/11 GI Bill to cover tuition, a housing allowance, and books at the Golf Academy of America. The VBA subsequently determined that it had overpaid plaintiff for books and housing, because he had withdrawn his enrollment before school started, and informed plaintiff that he must repay the VA. Later, the VBA referred plaintiff's alleged benefits overpayment debt to the VA's Debt Management Center ("DMC") for collection. Thereafter, plaintiff submitted requests to the VA under the Freedom of Information Act ("FOIA") and Privacy Act for documents related to the alleged overpayment of benefits debt. On February 26, 2018, plaintiff commenced the instant action to compel compliance with the FOIA. (ECF No. 1.) The operative first amended complaint continues to assert a single claim under the FOIA requesting an order to compel the VA to search for and produce responsive documents. (ECF No. 3.)

In its motion to dismiss, the VA contends that the action should be dismissed for lack of subject matter jurisdiction on the ground of mootness, because the VA has produced all responsive documents and did not withhold documents under any FOIA exemption.

Federal courts lack subject matter jurisdiction over moot claims, which may properly be challenged on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). See Church of Scientology v. United States, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions…."); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)"). Under the FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. For Freedom of the Press, 445 U.S. 136, 150 (1980). A claim under the FOIA becomes moot once all responsive documents are produced, regardless of when they were produced. See Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002) (noting that "the production of all nonexempt material, however belatedly, moots FOIA claims"); Granat v.

United States Dep't of Agriculture, 2015 WL 4599440, at *3 (E.D. Cal. Jul. 29, 2015) ("Even if Defendants had not provided the responsive, nonexempt material until filing the pending Motion, the belated production moots Plaintiffs' FOIA claim.").

In support of its motion, the VA provided detailed declarations from the FOIA officers for the DMC and VBA, as well as a Government Information Specialist from the VA Office of General Counsel, outlining the searches that were conducted, explaining that all responsive documents in the VA's possession were produced, and confirming that no documents were withheld based on any FOIA exemption. (ECF Nos. 15-3, 15-4, 15-5.) Plaintiff posits, based on "Edward Snowden's Revelation and [the] Nunes Memo," that additional records and recordings of telephone conversations must exist, but such allegations are purely speculative. See Schultz v. Federal Bureau of Investigation, 2016 WL 829154, at *7 (E.D. Cal. Mar. 3, 2016) ("Agency affidavits or declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."). Additionally, even assuming, without deciding, that the VA's response to some or all of plaintiff's FOIA requests were untimely, it does not impact the mootness of plaintiff's FOIA claim under applicable law.[3] Furthermore, even though plaintiff claims that the VA violated an obligation to obtain relevant records from non-VA sources, the FOIA does not impose such an obligation. Kissinger, 445 U.S. at 152 (noting that the FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained"); Callaway v. United States Dep't of Treasury, 893 F. Supp. 2d 269, 275 (D.D.C. 2012) (noting that an agency "need not produce records maintained by another federal

---

[3] Plaintiff's reliance in his opposition brief on the exception for "pattern and practice" FOIA claims is misplaced. First, plaintiff's operative first amended complaint does not assert such a claim. Second, his opposition brief does not provide any facts or evidence in support of such a claim. See Hajro v. U.S. Citizenship and Immigration Services, 811 F.3d 1086, 1103 (9th Cir. 2015) ("where a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief, regardless of whether his specific FOIA requests have been mooted, the plaintiff has shown injury in fact if he demonstrates the three following prongs: (1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice."). At a minimum, plaintiff fails to identify any specific VA policy or practice that is likely to impair his right to receive records under the FOIA in the future.

government agency or obtain records from any other sources" in response to a FOIA request). Although plaintiff references 38 C.F.R. § 21.1032, that regulation only requires the VA, under specified circumstances, to assist claimants in obtaining evidence from other sources to support a claim for educational assistance, and has no bearing on FOIA claims. Finally, to the extent that plaintiff asserts that the alleged underlying debt was discharged in bankruptcy or somehow not valid, such allegations have no bearing on the FOIA claim in this action.

Consequently, the court concludes that plaintiff's FOIA claim is moot and that the court thus lacks subject matter jurisdiction over the action.

Accordingly, IT IS HEREBY ORDERED that:

1. The VA's motion to dismiss (ECF No. 15) is GRANTED.
2. The action is DISMISSED for lack of subject matter jurisdiction.
3. The Clerk of Court shall close this case.

Dated: December 10, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE